UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELISE REESE,

                    Plaintiff,

vs.                                              CASE NO.:

CIRCLE K STORES, INC.,

                    Defendant.
_____

## NOTICE OF REMOVAL

Defendant, CIRCLE K STORES, INC., (hereinafter "CIRCLE K"), hereby gives notice of Removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Ocala Division, and respectfully represents as follows:

1.       On or about August 4, 2020, a Complaint was served on the Defendant, Circle K. The civil action entitled *ELISE REESE, v. CIRCLE K STORES, INC.,* was commenced in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida, and assigned Case number 2020-CA-1226. This action was filed in the Marion County Circuit Court on July 31, 2020.  (A copy of the Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as Exhibit "A").

2.       This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3.       There is complete diversity of citizenship between the parties to this cause.  Plaintiff is a citizen of the State of Florida.  Defendant is a foreign company duly organized

as a corporation under the law of Texas with its principal place of business in Arizona. <u>See</u> Exhibit "B."

6.     This is a purported negligence action brought by the Plaintiff against the Defendant.  As is expressly referenced in the Complaint, the Plaintiff is seeking damages in excess of $30,000.00.  (See Complaint, paragraph 1).  Further, Ms. Reese alleges in the Complaint that she was injured as a result of Defendant's negligent maintenance of its premises, as she slipped and fell on a "wet, slimy sidewalk/parking lot area", and that she has suffered damages including, without limitation;

      a.     Permanent physical injury

      b.     Pain and suffering

      c.     Disability

      d.     Loss of the capacity for the enjoyment of life

      e.     Loss of earnings or earning ability

      f.     Medical expenses

      g.     Aggravation of an existing injury

      (See Complaint, paragraph 9)

7.     In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Gillinov v. Hillstone Restaurant Group, Inc.</u>, 92 F. Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015).  The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." <u>Pretka v. Kolter City Plaza, II, Inc.</u>, 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." <u>Gillinov v. Hillstone Restaurant Group, Inc.</u>, 92 F. Supp.

3d at 1254-1255; *but see* Clifford v. BJ's Wholesale Club, Inc., 2016 LEXIS 147614 (S.D. Fla. 2016).  In addition, her claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy.  See, La Rocca v. Stahlheber, 676 F.Supp.2d 1347 at 1350 (S.D. Fla. 2009).

8.      Ms. Reese contends that her losses are permanent or continuing in nature. Correspondence, medical records, and bills received to date indicate that Ms. Reese sustained injuries to her left shoulder, left elbow, neck and lower back which required several steroid injections. She was treated by several doctors for her injuries and will continue to treat for these injuries in the future. To date, Plaintiff's known medical bills total $10,187.428. Before filing her lawsuit, Ms. Reese submitted a written demand to Circle K for $200,000.00.  See Exhibit "C." Since plaintiff demanded, pre-suit, in excess of two and half times the amount required to be in controversy for diversity cases, and alleges further damages into the future, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C.1332 (a) of $75,000.00, exclusive of interest and costs.

9.      Since the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C §1332.  As such, this removal action is proper.

10.     Defendant has served the instant Notice of Removal on Plaintiff's counsel. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit.

11.     Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

**WHEREFORE**, the undersigned Defendant respectfully requests that this action now pending in the Ninth Judicial Circuit in and for Orange County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  August 24, 2020.

/s/ Steven L. Worley
Steven L. Worley
Florida Bar No. 0159719
Marissa de los Reyes
Florida Bar No. 1010899
CARR ALLISON
The Greenleaf and Crosby Building
208 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email: sworley@carrallison.com
Email: mdelosreyes@carrallison.com
Email: eparker@carrallison.com
Email: sreid@carrallison.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Susan M. Payne, Esquire
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Email: susanpayne@forthepeople.com
Email: cdiaz@forthepeople.com
Attorneys for Plaintiff

/s/ Steven L. Worley
Steven L. Worley
*Attorney for Defendant*